# Kentucky River Coal Corporation et al. v. Combs.

(Decided March 25, 1938.)

P. T. WHEELER for appellant Kentucky River Coal Corporation.
WOOTTON & WOOTTON for appellant A. L Engle.
JASON RICHIE for appellant Alex Richie.
T. E. MOORE, JR., and D. G. BOLEYN for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

The appellants are complaining of a judgment awarding the appellee the ownership of a tract of land.

On the 22d day of May, 1871, the Commonwealth of Kentucky issued to Lewis Mosley patent No 45345 for this tract of land supposed to contain 100 acres. Just what was the exact amount of land to which Mosley acquired title through this patent is uncertain, for this patent overlapped almost the whole of an older patent No. 5953 issued twenty years before to James Walker,

overlapped another old patent owned by B. F. Combs and H. H. Smith, and possibly overlapped others. It may be that because of these overlaps Lewis Mosley did not by this patent get title to much over 50 or 60 acres, but we are not concerned with the extent of the land to which this patent conveyed title. Our sole question is: Who has now the title that it did convey? That question is sharply disputed between the appellee W. A. Combs, upon one side; and the appellants, Kentucky River Coal Corporation, Alex Richie, Sam Jones, and A. L. Engle, upon the other.

There is no dispute among the appellants as to the separate interests they own in this property, and the sole question for decision is: To whom does the land this patent did convey now belong? Each side claims title through Lewis Mosley.

### Appellants' Chain of Title.

Lewis Mosley owned considerable land at the head of Sand Lick Fork of Big Branch of Balls Fork of Troublesome Creek, and about the time he acquired this patent he traded it and the other land he owned in the Sand Lick watershed to Black Shade (Shaderic) Combs and moved to Rowan county, where he stayed but a short time, then became dissatisfied, and returned and arranged with Black Shade Combs to repurchase the property in the Sand Lick watershed, but deeds were not then made. Lewis Mosley was still unhappy, and in 1875 he arranged with James Patrick to trade him all his real estate holdings in the Sand Lick watershed for property owned by Patrick on the waters of a stream known as Trace Fork. About the end of the year 1875, or shortly thereafter, some one killed Lewis Mosley. Litigation followed by James Patrick against the widow and heirs of Lewis Mosley and against Black Shade Combs to get title to this property on the waters of Sand Lick. The papers filed in that litigation cannot be found now, neither can the court's order books of that period be found; but this litigation resulted in James Patrick getting possession of the land in the Sand Lick watershed including this patent.

In July, 1888, Black Shade Combs was shot and killed. Patrick divided this land into three tracts. He conveyed the tract west of Sand Lick to George Patrick on August 12, 1882, and a small portion of patent No. 45345 was included in that conveyance. A strip of land

running north and south through the center of this Sand Lick property and separated from the George Patrick land on the west by Sand Lick Creek and the streams into which it flows became tract No. 2 and was conveyed by James Patrick to his son-in-law Maggard Richie on February 20, 1890. The most of patent No. 45345 was included in this conveyance.

On August 24, 1893, James ·Patrick conveyed to Maggard Richie the remaining or eastern portion of this Sand Lick property including the remainder of this patent No. 45345; and later Maggard Richie acquired the property that had been conveyed to George Patrick, so that the title to the whole of this Sand Lick property and this patent No. 45345 became united in the ownership of Maggard Richie, and it so continued until the 20th of August, 1903, when Maggard Richie and wife sold and conveyed certain coal and mineral rights to the Kentucky Coal Land Company. On that same day Maggard Richie rented and leased from it the right to remain in possession during the pleasure of the parties. He so continued until March, 1914, when he died. His property was thereafter divided among his heirs by proceedings had in the Knott circuit court, and by subsequent conveyances this property has passed to and is now held by the appellants the Kentucky River Coal Corporation (successor to Kentucky Coal Land Company), Sam Jones, Alex Richie, and A. L. Engle, but they have no dispute among themselves as to their respective interests.

## W. A. Combs' Chain of Title.

On the 8th day of January, 1889, which was about twelve or fifteen years after the death of Lewis Mosley, a deed was executed by his mother, his widow, and his heirs, which, for and in consideration of $5, purported to convey to W. A. Combs all their rights, title, and interest in 11 tracts of land, which deed was acknowledged the 3d of the following December and was recorded in March, 1890.

## Conduct of Claimants.

Although Combs has had this quitclaim deed for practically half a century, there is no evidence that in all that time he has ever visibly exercised any sort of ownership over this patent or any part of it, paid any taxes thereon, or attempted in any way to take any

actual possession of any part of it. On the other hand, we have evidence of actual and continual occupation, use, buying, and selling on the part of those in appellants' chain of title adverse to appellee. They erected houses on it and lived in them; they planted crops and cultivated them; they cut timber and sold it; they founded homes and reared families. There has been no house built by anyone in appellants' chain of title upon any part of this' patent No. 45345, but Combs does not deny that they cleared lands and cultivated fields upon the property that he is now claiming. Nor does, he deny that Maggard Richie cut and sold, off of the premises that he is now claiming, the timber then growing thereon. He admits he knew this, but said nothing because Maggard Richie was a good neighbor and he liked him.

By standing by and allowing Richie to exercise rights of ownership upon the property, Combs is claiming now, the latter has weakened very much his present claim. Besides all this, the evidence shows that in 1889, when Combs got his quitclaim deed from the widow and heirs of Lewis Mosley, the land in this patent No. 45345 was then in the possession of George Patrick and James Patrick, under whom the appellants claim now. They (the Patricks) had divided this patent between them, and the parts made by that division were then joined with and fenced and included with other lands then owned and possessed by said Patricks. Their possession was adverse to the possession of the widow and heirs of Lewis Mosley, hence the quitclaim deed by which the widow and heirs of Mosley attempted to convey this patent to W. A. Combs was void. See section 210, Kentucky Statutes.

Other meritorious attacks are made upon Combs' title to the patent No. 45345, but in view of the conclusions we have reached it is needless to discuss them.

Judgment reversed, with direction to set it aside and to dismiss appellee's claim.